UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JARED WILLIAMS,                          )
                                         )
            Plaintiff,                   )
                                         )
     v.                                  )          No. 4:25-cv-00891-JAR
                                         )
TREVOR FOLEY, et al.,                    )
                                         )
            Defendants.                  )

## MEMORANDUM AND ORDER

Jared Williams, a self-represented state prisoner at the Potosi Correctional Center, filed this civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Williams moves for leave to proceed *in forma pauperis* (ECF No. 3) and for appointment of counsel (ECF No. 2). Having reviewed the motion to proceed *in forma pauperis*, the Court finds that Williams lacks sufficient funds to pay the filing fee. The Court therefore grants the motion and assesses an initial partial filing fee of $15.25. Even so, for the reasons discussed below, the Court dismisses this action on initial review under 28 U.S.C. § 1915(e)(2).

I.     **Filing fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit,

a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20% of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20% of the preceding month's income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

In support of his motion to proceed *in forma pauperis*, Williams submitted an inmate account statement showing transaction activity from December 2024 through May 2025. (ECF No. 4). The statement reflects an average deposit of $76.25. The Court therefore assesses an initial partial filing fee of $15.25, representing 20% of Williams's average deposit.

## II.    Background

Williams brings this action against several state officials and prison administrators, including Trevor Foley (Director of Missouri Prisons), Governors Mike Kehoe and Mike Parson, and various wardens and staff at the Potosi Correctional Center and the Missouri Probation and Parole Board. (ECF No. 1 at 2–5). He sues all defendants in both their individual and official capacities. *Id.*

Williams primarily challenges the constitutionality of Missouri's sentencing and parole statutes as they apply to "dangerous felons." *Id.* at 6, 8–9. He alleges that Missouri's "85% rule"— which requires certain offenders to serve 85% of their sentence before becoming eligible for parole—violates the Fourteenth Amendment because other states have lower percentage

requirements for similar offenses. *Id.* at 8–9. He also challenges life-without-parole ("LWOP") sentences, requesting that they be converted into "numbered sentences" of approximately 33 years with the possibility of parole after serving 60–66% of the term. *Id.* at 8, 10.

Additionally, Williams alleges that the "Probation and Parole Board Staff" abuse their authority by requiring inmates to serve beyond the 85% mark even when the inmate has not committed new offenses while incarcerated. *Id.* at 6. He claims the various defendants failed to supervise parole staff, failed to credit "good time" for certificates earned by inmates, and failed to sign legislation that would reduce mass incarceration. *Id.* at 6, 8. Williams asserts these excessive sentences cause mental illness, post-traumatic stress disorder, and behavioral disorders. *Id.* at 6. He seeks $100,000,000 in damages and an order restricting LWOP sentences to 33 years. *Id.* at 6, 10. Williams also asks the Court to "urge the current Governor to sign" a bill reducing the 85% minimum to 66% or less. *Id.* at 10.

III.   **Standard**

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## IV.    Discussion

After review, the Court dismisses Williams's complaint for the following reasons.

### A.    Duration of Confinement

Williams asks the Court to reduce the mandatory service requirement for dangerous felons from 85% to 60%. Although he does not include it in his formal request for relief, he also alleges that the Parole Board "abuses its authority" by failing to credit educational certificates as "good time" toward his release date.

Williams attempts to frame these as broad challenges to Missouri's sentencing rules, but the relief he seeks—reducing the percentage of the sentence he must serve or awarding credits to move up his release date—would necessarily shorten his confinement. When a state prisoner challenges the very fact or duration of his physical imprisonment and seeks a speedier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Williams's claims would "necessarily spell speedier release," he cannot proceed under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

### B.    Life Without Parole

Williams also challenges Missouri's LWOP policies. He does not, however, allege that he is serving such a sentence. To establish standing, a plaintiff must show an "injury in fact" that is concrete, particularized, and actual or imminent. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Because Williams does not allege that the LWOP policies apply to him, he lacks standing to challenge them. Further, as a self-represented prisoner, Williams cannot bring claims on behalf of other prisoners. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### C.    Claims for Damages

Williams seeks $100 million in compensatory and punitive damages. The Supreme Court's holding in *Heck v. Humphrey* bars these claims. *See* 512 U.S. 477 (1994). Under *Heck*, a prisoner cannot recover damages under § 1983 if a judgment in his favor would "necessarily imply the

5

invalidity of his conviction or sentence." *Id.* at 487. Although Williams frames his damages claim as a general challenge to Missouri's sentencing policy rather than his conviction, a judgment in his favor would necessarily imply that his continued confinement beyond the lower threshold is unlawful. Because Williams fails to show that a court has reversed, expunged, or otherwise invalidated his sentence, the Court must dismiss his damages claims. *See Heck*, 512 U.S. at 486–87.

### D.     Official-Capacity Claims

Williams's official-capacity claims fail for two reasons. First, the Eleventh Amendment bars suits for money damages against state officials acting in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Second, state officials acting in their official capacities are not "persons" subject to suit for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### E.     Parole Board

Williams's claims against the Probation and Parole Board Staff fail for an additional reason. Parole board members and staff are entitled to absolute quasi-judicial immunity for decisions made in the exercise of their adjudicatory functions, including parole release determinations. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006). Williams's allegations that parole staff abused their authority by failing to credit certificates and by keeping inmates beyond their 85% minimum go to the heart of those adjudicatory functions. Accordingly, the Parole Board defendants are immune from suit in their individual capacities.

### F.     Supervisory Liability

Williams's individual-capacity claims against Warden Vandergriff, Warden Cofer, Deputy Warden Frances, Assistant Warden Currie, and Director Foley rest entirely on allegations that each

6

"failed to" remedy the conditions he describes. Conclusory allegations about supervisory roles, without more, do not support a plausible § 1983 claim. *Iqbal*, 556 U.S. at 676. Because Williams alleges no specific unconstitutional act personally taken by any of these defendants, his individual-capacity claims against them fail to state a claim upon which relief can be granted.

## V.   Conclusion

For the foregoing reasons, the Court grants Williams's motion to proceed *in forma pauperis*, assesses an initial partial filing fee of $15.25, and dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Accordingly,

**IT IS HEREBY ORDERED** that Williams's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Williams shall pay an initial partial filing fee of $15.25 **within twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**IT IS FURTHER ORDERED** that Williams's motion for appointment of counsel (ECF No. 2) is **DENIED** as moot.

Dated this 18th day of March, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

7